**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

| | |
|---|---|
| FMS Investment Corp. *et al.*,  ) | |
| ) | |
| Plaintiffs,  ) | Case Nos. 18-862 *et al*. |
| ) | |
| v.  ) | Judge Thomas C. Wheeler |
| ) | |
| THE UNITED STATES,  ) | |
| ) | |
| Defendant,  ) | |
| ) | |
| and  ) | |
| ) | |
| ALLTRAN EDUCATION, INC.,  ) | |
| ) | |
| Defendant-Intervenor.  ) | |
| ) | |

## JOINT EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs, FMS Investment Corp. ("FMS"), GC Services Limited Partnership ("GC Services"), Windham Professionals, Inc. ("Windham"), Continental Service Group, Inc. ("ConServe"), and Account Control Technology, Inc. ("ACT") respectfully request that this Court enjoin the Department of Education ("ED" or "the Agency") from proceeding with its intended recall of defaulted student loan accounts that have been assigned to FMS. As of 9:20 a.m. eastern this morning, ED sent an email to all Award Term Extension ("ATE") PCA contractors notifying them that recalls of borrower accounts would begin at 4 p.m. eastern today. Joint movants ask that ED be restrained from the recalls until July 27, 2018, to be extended as appropriate, and, if necessary, until the end of the present case.

The plaintiffs previously briefed and argued motions for temporary restraining orders against the recall of non-in-repayment accounts. On June 26, 2018, the Court held oral argument

on these motions.  The Court ruled from the bench against imposing injunctive action pursuant to those motions, briefs and argument.  However, in the recent days, there have been a number of material developments, which the plaintiffs believe support the imposition of an injunction until the point in time when the Court rules on the forthcoming Motions for Judgment on the Administrative Record ("MJAR"), which the parties are now actively preparing.

On June 28, 2018, the Senate Committee on Appropriations approved the Fiscal Year ("FY") 2019 funding bill and related committee report for ED.  The bill and committee report were passed overwhelming by a vote of 30-1.  In the committee report, the Committee minced no words in denouncing ED's attempt to do away with the large business private collection agencies ("PCAs") currently performing the necessary debt collection activities associated with defaulted student loans.  In unequivocal language, the Committee stated as follows:

> Defaulted Student Loan Servicing.--***The Committee is concerned with the Department's recent management of the defaulted Federal student loan process and with the capacity of current private collection agencies receiving new accounts to be able to properly serve borrowers who have defaulted on their loans.***  Accordingly, the Committee encourages the Department to extend current contracts with private collection agencies whose award term extensions are set to expire in April 2019, and that are affirmatively meeting all contract requirements, serving the fiscal interest of the United States, and complying with applicable consumer protection laws until the Department is able to transition to a new collections process as part of the Department's Next Generation Financial Services Environment. ***Furthermore, the Committee directs the Department not to recall accounts that are not in repayment from such private collection agencies and allow them to continue servicing their current portfolio to avoid disruptions for borrowers, and to comply with the performance reporting requirements of the explanatory statement accompanying the Consolidated Appropriations Act, 2018***.

S. Rep. No. 115-289, at 199 (2018) (emphasis added).  This language "directs" that ED not recall accounts; an action that ED intends to overtly disregard by today's announcement.  The House of

Representatives has also expressed its concern with ED's management of the debt collection program by eliminating the large business PCAs.  Just two days ago, on July 11, 2018, the House Appropriations Committee passed its own version of the FY2019 funding bill for ED.  During the markup process, the Committee accepted an amendment by subcommittee Chairman Tom Cole that requires ED to establish performance targets for its debt collection activities based on certain factors,   including the following: "***the optimal use of qualified large and small business contractors to help [ED] achieve, at minimum, the average portfolio resolution percentage achieved by [ED] for the period of fiscal years 2015 through 2018***." *See* Amdt. No. 38 (Rep. Cole),                                             *available*                                             *at* https://appropriations.house.gov/uploadedfiles/all_adopted_amendments_part_two.pdf. (emphasis added).

As a result of the foregoing, it is clear that the sense of Congress is that the large business PCAs must be part of ED's solution for addressing the student loan default crisis.  It is also clear that ED's purported plan for an enhanced servicer is in its infancy—there is no developed plan, there is no acquisition strategy, there is no solicitation for such services, and there is no window of time in the foreseeable future in which such a plan can or will be implemented.

There is no basis for the rush to recall just as Congress's ink has dried.  In fact, the small business contractors to whom the recalled accounts would be redistributed already have approximately 3.1 million accounts (out of the total of 3.41 million accounts in their inventories) that are in a status similar as the accounts that ED intends to recall today by 4 p.m. eastern time. Moving such accounts from the ATE PCAs to the small business PCAs will not help anyone, including most importantly, the borrowers.  Notably, in Defendant's prior opposition to the temporary restraining order and preliminary injunction, Defendant argued the recalls had to be

accomplished by July 19, 2018 to "protect" the borrowers, yet under the plan announced today, one-half of the recalls will not actually be transferred until after July 19th, demonstrating that Defendant's prior "must recall by July 19th "deadline" to protect the borrowers" argument was and is a makeweight contention that ED itself has now abandoned.  Thus, Defendant is back to its February 2018 justification for the recalls – "because we can" – which this Court found insufficient in February 2018 and enjoined the recalls.  Moreover, as demonstrated by ED's voluntary decision to postpone the account recalls from July 3, 2018 until today, and having half the recalls transferring after July 19th, ED has demonstrated that there is no  harm to ED or borrowers from a short delay in recalls, or in having the recalls transferred after July 19th.  Thus in a balancing of the equities, all of the equities favor the joint movants, and none favor Defendant.

Accordingly, if ED is permitted to strip the ATE PCAs of their non in-repayment accounts starting today, ED will *not* be helping borrowers, but will mortally wound each and every PCA—including the joint movants—which will irreparably damage the PCAs and irreparably frustrate ED's ability to comply with the clear direction of Congress.  These recalls will have the effect of eliminating the viability of these PCAs, and we respectfully request that the Court issue an order enjoining ED from moving forward with its recall plan until the Court has an opportunity to rule on the MJARS.[1]

---

[1] The undersigned attempted to contact the attorney for the Defendant by telephone prior to filing this Motion.  The undersigned was unable to reach opposing counsel.

Respectfully submitted,

/s/ David R. Johnson
David R. Johnson
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, N.W.
Suite 500 West
Washington, D.C. 20037
Telephone: (202) 639-6500
Facsimile: (202) 639-6604
Email: drjohnson@velaw.com

*Lead Attorney for Plaintiff*
*FMS Investment Corp.*

*Jointly Agreed to by:*

Amba M. Datta
KELLEY DRYE & WARREN LLP
*Attorney for GC Services Limited Partnership*

David Ralston
FOLEY & LARDNER, LLP
*Attorney for Windham Professionals, Inc.*

Edward H. Meyers
STEIN MITCHELL CIPOLLONE BEATO & MISSNER
*Attorney for Continental Service Group, Inc.*

Townsend Bourne
SHEPPARD MULLIN RICHTER & HAMPTON LLP
*Attorney for Account Control Technology, Inc.*

*Of counsel:*
Tyler E. Robinson
Ryan D. Stalnaker
VINSON & ELKINS LLP
Telephone: (202) 639-6500
Facsimile: (202) 639-6604
Email: trobinson@velaw.com

*Attorneys for FMS Investment Corp.*

Date:  July 13, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 13, 2018, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record in this matter who are registered with the Court's CM/ECF system.

/s/ David R. Johnson
David R. Johnson