# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Bid Protest

| | |
|---|---|
| FMS INVESTMENT CORP. *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br>    Defendant, and<br><br>ALLTRAN EDUCATION, INC.,<br>    Defendant-Intervenor. | Nos. 18-862 *et al.*<br><br>Judge Wheeler |

## ALLTRAN EDUCATION, INC.'S OPPOSITION TO PLAINTIFFS' JOINT MOTION FOR TEMPORARY RESTRAINING ORDER

As discussed during the July 13 telephonic hearing in this case, the current motion before the Court is virtually identical to a series of earlier motions that this Court already denied. *See* Dkt. No. 24 (June 26, 2018 Order denying requests for temporary restraining order and preliminary injunction). The only difference is the Plaintiffs now ask this Court to reverse itself because the Senate Committee on Appropriations included certain language in a report on pending legislation—legislation that has not yet even become law. *See* Dkt. No. 60. That language, though, has no legal effect, and thus provides no basis for this Court to reverse its earlier ruling.

The Constitution prescribes a specific process through which legislation becomes law: both houses of Congress must pass a particular piece of legislation and then submit that legislation to the President for approval. *See* Const., Art. I, § 7. Until that legislation is signed by the President (or passed by two-thirds of both houses, if vetoed), the legislation has no effect. *Id.* Consistent with this centuries-old process, the Supreme Court has repeatedly emphasized that the iterative steps leading up to a bill's passage—including statements and reports of

Congressional committees—do not themselves have any legal effect. *See, e.g.*, *Am. Hosp. Ass'n v. N.L.R.B.*, 499 U.S. 606, 616 (1991) ("Petitioner does not-and obviously could not-contend that this statement in the Committee Reports has the force of law, for the Constitution is quite explicit about the procedure that Congress must follow in legislating."); *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 191 (1978) ("Expressions of committees dealing with requests for appropriations cannot be equated with statutes enacted by Congress . . . ."); *Thompson v. Cherokee Nation of Oklahoma*, 334 F.3d 1075, 1087 (Fed. Cir. 2003) (emphasizing that language in committee reports by Senate and House Appropriations Committees "is not binding"), *aff'd and remanded sub nom. Cherokee Nation of Oklahoma v. Leavitt*, 543 U.S. 631, 646 (2005) ("restrictive language contained in Committee Reports is not legally binding").

Here, the committee report language cited in Plaintiffs' motion is not itself law; nor has the bill to which it relates been passed by both houses of Congress or presented to the President. Accordingly, the language has no legal effect and provides no basis for this Court to reverse its prior ruling. Plaintiffs' motion should once again be denied, and the Department of Education should be allowed to administer its contracts without further interference in this case.

|  |  |
|---|---|
| July 18, 2018 | Respectfully submitted, |
|  | s/ Daniel R. Forman |
|  | Daniel R. Forman |
| Of Counsel: | (Counsel of Record) |
|  | Crowell & Moring LLP |
| James G. Peyster | 1001 Pennsylvania Avenue, NW |
| Robert J. Sneckenberg | Washington, DC 20004-2595 |
| JPeyster@crowell.com | Tel: (202) 624-2504 |
| RSneckenberg@crowell.com | Fax: (202) 508-8989 |
|  | DForman@crowell.com |

*Attorneys for Alltran Education, Inc.*