IN THE UNITED STATES COURT OF FEDERAL CLAIMS
**BID PROTEST**

| | |
|---|---|
| FMS INVESTMENT CORP., *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> ALLTRAN EDUCATION, INC., ) <br> ) <br> Intervenor-Defendant. ) | Nos. 18-862C, 18-872C, 18-873C, 18-889C, 18, 894C, 18-895C, 19-901C, 18-946C <br><br> Judge Thomas C. Wheeler |

**DEFENDANT'S MOTION FOR CLARIFICATION, OR IN THE ALTERNATIVE, FOR RECONSIDERATION OF THE SCOPE OF THE COURT'S SEPTEMBER 14, 2018 PERMANENT INJUNCTION**

Pursuant to Rule 59 of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court clarify and/or reconsider in part its September 14, 2018 opinion and order (Opinion).

The Opinion holds that the "[administrative record] before the court is not enough to show that [the Department of Education's] decision to cancel the solicitation was rational." Opinion 6. Based on that holding, the Court "set aside [the Department of Education's] May 3, 2018 cancellation decision and return[ed] the procurement to its posture as of May 2, 2018." *Id.* at 7. The Court "does not suggest what further action the Department of Education may take. Rather, the Court holds only that the administrative record before it does not support the agency's May 3, 2018 decision to cancel the solicitation." *Id.* at 8. The Court then issued the following injunction: "[T]he United States of America, the United States Department of Education, and their officers, agents,

servants, employees, and representatives are permanently ENJOINED, pursuant to RCFC 65(d), from cancelling Solicitation No. ED-FSA-16-R-0009." *Id.*

Defendant seeks clarification and/or reconsideration of the scope of the Court's injunction because, by its terms, it appears to enjoin the Department of Education from ever canceling Solicitation ED-FSA-16-R-0009, regardless of whether a proper basis for cancellation exists. This interpretation of the Court's order runs counter to the balance of the Court's opinion, which identifies specific weaknesses in the administrative record on which the Department of Education [ED] relied to reach its cancellation decision, and states that the Court's intent is to return the procurement to its pre-cancellation posture, without directing any specific further action. *See id.* at 8. The position that ED occupied immediately prior to cancellation afforded ED the option to exercise its discretion and take any appropriate action necessary to manage the procurement in accordance with its needs, including, litigating the then pending protests, taking corrective action, or cancellation. For this reason, the Government interprets the Court's full opinion as directing a return to that pre-cancellation state of affairs, and not as a permanent bar preventing the agency from exercising its right to undertake whatever action it deems necessary and rationally supported, including a potential future cancellation. *See Parcel 49C LP v. United States*, 31 F.3d 1147, 1154 (Fed. Cir. 1994) (affirming an order enjoining a cancellation and returning the procurement to its pre-cancellation posture).

In *Parcel 49C*, the United States Court of Appeals for the Federal Circuit affirmed this Court's decision to enjoin the cancellation of a procurement and to direct the agency to proceed with the award process as it stood at the time of cancellation. *Id.* The General Services Administration (GSA) had issued the procurement for space to consolidate the

Federal Communication Commission's (FCC) headquarters. *Id.* at 1148-49. The FCC preferred a higher cost proposal to the one that GSA ultimately selected (Parcel 49C). *Id.* at 1149. After the award to Parcel 49C was announced, the "FCC responded with a campaign to scuttle the procurement," culminating in an increased space request that compelled GSA to cancel the procurement. *Id.* This Court determined that the cancellation was a pretext for the FCC to avoid the award to Parcel 49C, in favor of space in a building it preferred. *Id.* at 1151.

The Federal Circuit affirmed the Court's decision to return the procurement to its pre-cancellation footing, and to direct the agency to proceed with the award process, as an appropriate response to the invalidated cancellation. *Id.* at 1153. The Federal Circuit clarified that such an order is not tantamount to an improper order requiring the award of a contract, because GSA would be in the same position it was in at the time of the cancellation – a position that included the possibility of not proceeding with the award under the appropriate circumstances. *Id.* ("[The] order merely restores the posture of the process before the illegal cancellation."); *see also Durable Metals Prods., Inc. v. United States*, 27 Fed. Cl. 472, 476 (1993) ("[T]he equitable jurisdiction of this court does not include the authority to award a contract."). "The Government retains the power to proceed with its award process or to terminate the award process for any legal reason." *Id.* at 1154.

Unlike in *Parcel 49C*, the order here does not direct ED to take any specific further action in regards to the procurement. Opinion 8. The order only places the procurement in the position it was in prior to cancellation. Opinion 7-8. Following the

reasoning of *Parcel 49C*, that would make available to ED the full range of procurement actions that were available to it on May 2, 2018.[1]

For these reasons, ED respectfully requests that the Court clarify whether it intended to enjoin ED from ever cancelling the solicitation, or if it only intended to enjoin ED from cancelling the solicitation on the basis of the administrative record on which ED had relied when making its decision.  If the Court did intend to enjoin ED from ever cancelling the solicitation, then ED respectfully requests that the Court reconsider that decision, because it is inconsistent with *Parcel 49C* and with the Court's stated intent to return the procurement to its pre-cancellation posture.  RCFC 59.

|  | Respectfully submitted, |
|---|---|
|  | JOSEPH H. HUNT<br>Assistant Attorney General |
|  | ROBERT E. KIRSCHMAN, JR.<br>Director |
|  | s/ Patricia M. McCarthy<br>PATRICIA M. McCARTHY<br>Assistant Director |
|  | s/ David R. Pehlke<br>DAVID R. PEHLKE<br>Trial Attorney |
| OF COUNSEL: | Department of Justice – Civil Division<br>P.O. Box 480 |
| SARA FALK<br>General Attorney<br>Office of the General Counsel<br>U.S. Department of Education | Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 307-0252<br>Fax: (202) 353-0461<br>david.r.pehlke@usdoj.gov |
| September 28, 2018 | Attorneys for Defendant |

---

[1]  The current posture of the procurement necessarily differs from the May 2, 2018 posture, because the procurement is not currently the subject of a pending protest.